The document below is hereby signed.

Signed: January 9, 2020



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| NORMAN A. DUFF, | ) | Case No. 19-00500 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER DENYING MOTION FOR TURNOVER

    The debtor has filed a motion for turnover and for sanctions pursuant to the court's contempt power and pursuant to 11 U.S.C. § 362(k) for allegedly violating the automatic stay of 11 U.S.C. § 362(a). The debtor's schedules list JRM Associates, Inc. as owing the debtor $1,247.50 and reflect that JRM Associates took a payment in that amount for loan modification services a month prior to the filing of this case, but that no such services have been rendered. The motion seeks turnover of the $1,247.50 and sanctions. It presumably relies on 11 U.S.C. §§ 362(a)(3) and 542(b) in seeking turnover and sanctions.

    Under Fed. R. Bankr. P. 7001(1), a proceeding to recover money or property requires an adversary proceeding. Accordingly, the request for turnover, as a motion filed within this

bankruptcy case, must be dismissed.[1]

The motion does not set forth a basis for finding contempt. In relevant part, 11 U.S.C. § 542(b) requires an entity that owes a matured debt that is the property of the estate to pay such debt to the trustee.[2]  However, that provision is not a basis for finding a non-performing obligor in contempt.  *See In re Randolph Towers Coop., Inc.*, 458 B.R. 1, 7 (Bankr. D.D.C. 2011); *In re Williams*, 249 B.R. 222, 223 (Bankr. D.D.C. 2000) ("Section 542(b) simply makes clear that [an obligor] is obligated to render performance to the trustee; § 542(b) does not suddenly transform the rights of performance on a contract into a right to hold the non-performing non-debtor in contempt simply by reason of the intervention of bankruptcy.").

Nor is such failure to perform a violation of the automatic stay under 11 U.S.C. §362(a)(3), regarding acts to exercise

---

[1] Even if a motion would have sufficed, it is not evident that the motion was served in accordance with Fed. R. Bankr. P. 7004(b).  Moreover, the debtor did not give notice that any opposition to the motion was due within 17 days of filing as required by LBR 9013-1.

[2] Section 542(b) merely recognizes that debts owed the debtor that are property of the estate are now payable to the trustee.  However, in Chapter 13, 11 U.S.C. § 1306(b) provides in relevant part that the debtor remains in possession of the property of the estate, and 11 U.S.C. § 1303 vests the debtor with the right of a trustee to use property of the estate—thus conferring on the debtor the right to sue on debts that are property of the estate.  In any event, the debtor contends that he has exempted the claim from the estate.  If so, the debt is no longer property of the estate to which 11 U.S.C. §§ 362(a)(3) and 542(b) apply.

control over property of the estate. *See In re Williams*, 249 B.R. at 223 (an entity's "failing to perform its obligation under its contract with the debtor . . . is not an exercise of control over the debtor's rights under the contract: those rights remain intact.").

For all of those reasons, it is

ORDERED that the debtor's *Motion for Turnover, Sanctions, Damages, and Attorney Fees for Violation of the Automatic Stay* is DENIED.

[Signed and dated above.]

Copies to: E-recipients;

Amanda Fischetti
JRM & Associates, Inc.
614 South 4th Street
Suite 383
Philadelphia, PA 19147

Victor Rivera
Agent
JRM & Associates, Inc.
614 South 4th Street
Suite 383
Philadelphia, PA 19147